UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                              CASE NO. 3:10-cr-209-J-34TEM

PHILLIP ANTHONY AIKEN

**GOVERNMENT'S NOTICE OF MAXIMUM PENALTIES, ELEMENTS
OF OFFENSE, PERSONALIZATION OF ELEMENTS AND FACTUAL BASIS**

COMES NOW the United States of America, by and through its undersigned Assistant United States Attorney, stating as follows:

A.  **MAXIMUM PENALTIES**

The defendant has expressed a desire to enter a plea of guilty to the offense charged in Count One of the Indictment. Count One charges the defendant with knowingly recruiting, enticing, harboring, transporting, providing, obtaining and maintaining a person, that is A.B., while knowing and in reckless disregard of the fact that A.B. had not attained the age of eighteen (18) years and would be caused to engage in a commercial sex act, in violation of Title 18, United States Code, Section 1591. Count One carries a maximum sentence of imprisonment of not less than 10 years up to life, a fine of not more than $250,000, both imprisonment and fine, supervised release of not less than five years up to life, and a special assessment of $100 due at time of sentencing.

If, while on supervised release, the Defendant violates the terms of supervised release by committing any criminal offense under title 18, Chapters 109A, 110, or 117, or section 1201 or 1591, for which imprisonment for a term longer than 1 year can be imposed, the Defendant shall be subject to an additional term of imprisonment of not less than 5 years up to life.

If, while on supervised release, the Defendant violates the terms of supervised release in any other manner, the Defendant will face an additional term of imprisonment of not more than 5 years plus the possibility of an additional term of supervised release.

The Defendant shall be required to register as a sex offender under the Sex Offender Registration and Notification Act (SORNA).

The Defendant shall be required to pay restitution, if any, to the victim pursuant to 18 U.S.C. § 1593.

B. **ELEMENTS OF THE OFFENSE**

The elements of an offense in violation of Title 18, United States Code, Section 1591 are:

<u>First</u>: The Defendant knowingly recruited, enticed, harbored, transported, provided, obtained, or maintained by any means A.B., as charged in the Indictment;

<u>Second</u>: The Defendant did so knowing, or in reckless disregard of the fact, that A. B. had not attained the age of 18 years and would be caused to engage in a commercial sex act; and

<u>Third</u>: The Defendant's acts were in or affected interstate commerce.

C. **PERSONALIZATION OF ELEMENTS**

1. Do you admit that on or about March 20, 2010, in Duval County, in the Middle District of Florida, you knowingly recruited, enticed, harbored, transported, provided, obtained, or maintained A.B. by any means, as charged in the Indictment?

2. Do you admit you did so knowing, or in reckless disregard of the fact, that A. B. had not attained the age of 18 years and would be caused to engage in a commercial sex act?

3. Do you admit your acts were in or affected interstate commerce?

D. **FACTUAL BASIS**

1. Purpose

The following facts are set forth to aid the Court in making an inquiry to satisfy it that there is a factual basis for the plea of guilty in accordance with Rule 11(f), Fed. R. Crim. P.  The government reserves its right to provide all relevant information concerning the defendant and the offense committed to the Probation Office and the Court for sentencing purposes.

2. Facts

On March 20, 2010, the minor victim, A.B., was a 15 year old female; she stood 5' tall; she weighed less than 100 pounds; and she wore a child's 12 clothing size. A.B.'s appearance, size, mannerisms, voice and patterns of speech were consistent with her age.  From February 24, 2010, through March 30, 2010, A.B. was a runaway from a juvenile substance abuse treatment facility in Jacksonville, Florida.

Prior to March 20, 2010, A.B. began engaging in commercial sex acts at the direction of others such as Melvin Eugene Friedman, Lee Ann Adkins, and Ian Sean Gordon. A.B. was committing these commercial sex acts, in part, as a means to obtain cocaine base to support a recent "crack" cocaine addiction and, in part, to support the lifestyles of other individuals like Ian Sean Gordon. A.B. described her life to her mother on March 19, 2010 (prior to any contact with law enforcement). In a Myspace message, A.B. indicated to her mother, "I don't know what to do with myself anymore. I started smoking crack, I'm selling my body for money, I never sleep, I'm losing so much weight because I never eat. It's getting bad, and I want to do the right thing it's just the drugs I'm doing are starting to control me and the things I do."

A.B. performed commercial sex acts in a number of locations and with multiple customers. The locations included Jacksonville residences, Jacksonville hotels, and the streets in an area of Jacksonville commonly known as "Sin City." Some of A.B.'s customers were repeat customers and some of her customers, like defendant, were one-time customers. Each of A.B.'s customers recruited, enticed, and obtained A.B., knowing that A.B. was engaging in prostitution and would be caused to engage in a commercial sex act.

Defendant, Phillip Aiken ("Aiken"), was a one-time customer of A.B. On March 20, 2010, Aiken observed A.B. soliciting prostitution in the streets of the area in Jacksonville commonly known as "Sin City." After making contact with A.B., Aiken then enticed, recruited, and obtained A.B. for a commercial sex act with Aiken. In this

regard, Aiken took A.B. to his residence located 7803 Cocoa Avenue, Jacksonville, Florida.  According to A.B., Aiken paid A.B. money to have sex with A.B.  According to Aiken, A.B. agreed to have sex with Aiken in exchange for crack cocaine.  Under either scenario, Aiken obtained A.B. and then had sex with her for something of value.  Due to the time he spent with A.B. and the nature of his contact with A.B., Aiken had a reasonable opportunity to observe A.B.  Aiken subsequently advised federal and state law enforcement officers that A.B. appeared young, that he asked her how old she was, and that A.B. said she was 18.  Apart from his opportunity to observe A.B., and his impression that A.B. looked young, Aiken had no direct knowledge of A.B.'s actual age.

     A.B. subsequently advised law enforcement personnel that Aiken permitted A.B. to use Aiken's cellular telephone to contact two of her juvenile friends while she was with Aiken.  Pursuant to a grand jury subpoena, federal and state law enforcement officers then obtained Aiken's cellular telephone records from MetroPCS, and these records confirmed that A.B. had telephonic contact with several of her friends using defendant's cell phone on the afternoon of March 20, 2010.  Federal and state law enforcement officers also contacted A.B.'s friends who confirmed that A.B. had contacted them using Aiken's cellular phone.

     A.B. also described the interior of Aiken's residence to federal and state law enforcement officers.  After A.B. provided this description, on August 4, 2010, federal and state law enforcement officers conducted a "knock and talk" interview with Aiken.  During that interview, Aiken permitted the officers to enter and photograph his

residence. The residence was similar in appearance and characteristics to what A.B. had previously described.

The commercial sex act between defendant and A.B. was in and affecting interstate commerce. In connection with the commercial sex act, A.B. was permitted to use defendant's cellular telephone, which is a facility of interstate commerce. In addition, A.B. and the defendant used items that had moved in interstate commerce in connection with the commercial sex act. For instance, A.B. wore large quantities of perfume (that she normally did not use) that had been manufactured outside of the state of Florida while she was engaging in commercial sex acts. Aiken also used a condom that had been manufactured outside the state of Florida during the commercial sex act.

        Respectfully submitted

        ROBERT E. O'NEILL
        United States Attorney

By:   *s/ Mac D. Heavener, III*
      MAC D. HEAVENER, III
      Assistant United States Attorney
      Deputy Chief, Jacksonville Division
      Florida Bar No. 0896748
      501 West Church Street, Suite 300
      Orlando, Florida 32805
      Telephone:  (407) 648-7500
      Facsimile:  (407) 648-7643
      E-mail:  mac.heavener@usdoj.gov

**U.S. v. Phillip Anthony Aiken**                     Case No. 3:10-cr-209-J-34TEM

## CERTIFICATE OF SERVICE

I hereby certify that on November 17, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

    Noel G. Lawrence, Esquire

                              *s/ Mac D. Heavener, III*
                              MAC D. HEAVENER, III
                              Assistant United States Attorney
                              Deputy Chief, Jacksonville Division
                              Florida Bar No. 0896748
                              501 West Church Street, Suite 300
                              Orlando, Florida 32805
                              Telephone: (407) 648-7500
                              Facsimile: (407) 648-7643
                              E-mail: mac.heavener@usdoj.gov